IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In the Matter of:

Sherri A. Wirth,

(Chapter 13)

Debtor.

Case No. 11-17555

MEMORANDUM DECISION

BMO filed proof of a claim ("claim # 1" filed as M&I's) in the amount of $168,693.79 secured by a lien on the debtor's homestead. In January 2012, BMO objected to confirmation of the debtor's plan because the plan failed to provide for payment in full on BMO's notes and mortgages. In order to resolve BMO's objection to the debtor's plan, the parties entered into a stipulation. BMO filed a supplemental claim for attorney's fees which arose post-petition but before the date of the stipulation. The debtor objected arguing that the stipulation on April 3 settled claim # 1 as of that date, including fees and charges. The debtor also objected because the fees were not properly itemized in the notice, pursuant to Federal Rule of Bankruptcy Procedure 3002.1. On November 7, 2012, this court disallowed 50% of BMO's fees for lack of specificity.

In 2013, BMO filed another supplemental claim. This supplemental claim was for attorney's fees incurred post-confirmation for work done in connection with the debtor's 2012 objection to fees and charges on claim # 1. The debtor objected to this claim, arguing that the claim is not specific, is unreasonable and oppressive, is in bad faith, and violates the creditor's obligation of good faith and fair dealing. During a preliminary hearing, the debtor also argued that the amended claim should be disallowed because it did not result from the debtor's default.

1

The jurisdiction of this court, if it has any, arises under 11 U.S.C. § 1322(e). For an over-secured creditor, § 506 of the Bankruptcy Code provides that reasonable post-petition fees may be recovered:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

11 U.S.C. § 506(b) (citation omitted). Section 506(b) "applies only from the date of filing through the confirmation date." *In re Gluth Bros. Const., Inc.*, 426 B.R. 771, 778-79 (Bankr. N.D. Ill.2010) (citing *In re 900 Corp.*, 327 B.R. 585, 600 (Bankr. N.D. Tex.2005)) (addressing post-petition interest and citing *Rake v. Wade*, 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993)). Here, BMO requests reimbursement for its attorney's fees incurred in response to debtor's objection to notice of post-petition fees filed on July 2, 2012. These fees are clearly incurred after the confirmation of the debtor's chapter 13 plan on April 5, 2012. But, § 506(b) does not provide authority for BMO to seek recovery of its attorney's fees which were incurred post-confirmation.

Generally, "[a]fter confirmation, the creditors' rights to costs and fees are solely through the plan, and if the plan does not provide for fees or costs, then such creditor has no right through Section 506(b)." See *Id.* at 778. The one exception to this rule is a claim secured only by security interest in real property that is the debtor's principal residence. 11 U.S.C. § 1322(b)(2). Such claims are protected from modification under § 1322(b)(2).[1] *Id.* If the underlying contract requires the debtor to pay attorney's fees, that contractual right cannot be modified by the

---

[1] "(b) Subject to subsections (a) and (c) of this section, the plan may--(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." 11 U.S.C. § 1322(b)(2).

2

Chapter 13 plan. Keith M. Lundin, *Chapter 13 Bankruptcy*, § 304-16 (rev. 3d ed. 2002) (*citing Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 331–32 (1993)). Here, this exception applies because the claim is secured only by the debtor's principal residence. This is consistent with this court's ruling on November 7, 2012.

By enacting 11 U.S.C. § 1322(e), Congress added as a requirement for the allowance of postpetition attorney's fees that they be an element of curing default. Under the subsection, "if it is proposed in a plan to cure a default, the amount necessary to cure the default, shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law." 11 U.S.C. § 1322(e). "Failure of either condition – the absence of a contract provision or a prohibition under applicable nonbankruptcy law – will defeat recovery of attorney fees . . . as an element of curing default." Keith M. Lundin, *Chapter 13 Bankruptcy*, § 304-17 (rev. 3d ed. 2002).

In this case, the underlying mortgage note controls as nothing in the stipulation waives the rights of BMO pursuant to the mortgage note. Under Uniform Covenant 9 of the mortgage note, the protection of the lender's interest in the property include, "(c) paying Reasonable Attorney's Fees (as defined in Section 25) to protect its interest in the Property and /or rights under this Security Instrument, including its secured position in a bankruptcy proceeding." Section 25 of the mortgage note states: "If this Security Instrument is subject to Chapter 428 of the Wisconsin Statutes, "Reasonable Attorney's Fees" shall mean only those attorney's fees allowed by that Chapter." Chapter 428 does not apply here as that section is relevant only to mortgages of $25,000 or less. Wis. Stat. § 428.101. No other nonbankruptcy law, which is applicable in this case, limits attorney's fees incurred post-confirmation. The fees must still be reasonable.

3

> There is no reasonableness limitation on attorney fees as an element of curing default under § 1322(e), unless reasonableness is imposed by contract or by nonbankruptcy law. Nothing in the case law before or after the 1994 enactment of § 1322(e) suggest that bankruptcy courts will allow creditors to collect unreasonable attorney fees as an element of curing default through a Chapter 13 plan.

Keith M. Lundin, *Chapter 13 Bankruptcy*, § 304-18 (rev. 3d ed. 2002) (citation omitted). Here, reasonableness is imposed under the mortgage note. Assuming, without deciding, that the attorney's fees incurred by BMO in defending the debtor's objection to the July 2, 2012 notice were reasonable, the only remaining issue is whether these fees are an element of the debtor's default on the mortgage.

"It is well recognized that applications for attorney fees must state in detail the time spent and the nature of each discrete task performed so that the bankruptcy court can assess the reasonableness of the requested fees and costs." *Solomon v. Wein* (*In re Huhn*), 145 B.R. 872, 875 (W.D. Mich. 1992). The creditor has the burden of proof on the reasonableness of the fees. *Id.* "Since an attorney may be awarded fees in a bankruptcy proceeding only to the extent that the hours he claims are indeed compensable as valid attorney time, it is incumbent upon the attorney to demonstrate that his hours represent work that was reasonably necessary and could not have been done by non-legal employees." *Id.* at 876 (quoting *In re U.S. Golf Corp.*, 639 F.2d 1197, 1207-08 (5th Cir. 1981). "Since every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors or for use by the debtor, this burden is not to be lightly regarded." *Id.* at 875 (quoting *In re U.S. Golf Corp.*, 639 F.2d 1197, 1207-08 (5th Cir. 1981).

In *Huhn* the court stated that "[a]n oversecured creditor is not entitled to compensation for its attorney's fees for every action it takes by claiming that its rights have been affected." *Id.* at 876. A contract clause for attorney's fees for collection efforts should not be broadly read to include all services rendered in connection with the Debtor.

4

The attorney's fees in this case resulted from the creditor's prior insufficient itemization of attorney's fees. While the debtor's default was the reason for the need of detailed itemization of "the time spent and the nature of each discrete task performed," the debtor was not responsible for BMO's lack of diligence in preparing its claim for attorney's fees. BMO, rather than the debtor, had the duty to research the law pertinent to the requirement of specificity of attorney's fees.

>This requirement is codified in various statutes and rules designed to enable the court to determine whether the compensation requested is reasonable. Fee applications must comply with 11 U.S.C. §§ 328 & 330(a)(1), Bankruptcy Rule 2016(a), Local Bankruptcy Rule 14, and the August 2, 1989 Fee Guidelines adopted by the Bankruptcy Court for the Western District of Michigan. Rule 2016 requires a detailed statement of "(1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." The Bankruptcy Court's Fee Guidelines which accompany Local Bankruptcy Rule 14, provide that an application for attorney fees must "itemize each activity, its date, the professional who performed the work and the time expended thereon".

*Id.* The debtor should not be penalized for BMO's failure to prepare its fee notice in compliance to these standards. "The court has the responsibility for avoiding waste of estate assets and preventing overreaching by attorneys in their attempts to be paid attorney's fees from the estate." *Id.* Therefore, the fees are not an element of the debtor's default, and § 1322(e) is inapplicable. There is no other statute which affords this court jurisdiction to award post-confirmation attorney's fees. The debtor's objection is therefore sustained and BMO's claim for attorney's fees denied.

Dated:  October 28, 2013

_____

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

5